IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/06/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

LEONARDO DAVID MENDOZA DOMINGUEZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
DAVID VENTURELLA, Acting Director, ICE;
DEPARTMENT OF HOMELAND SECURITY;
MARKWAYNE MULLIN, DHS Secretary; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3341-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner, a native of Mexico, entered the United States as a child in 2005, and he has repeatedly been granted status under the Deferred Action for Childhood Arrivals (DACA) program, although his last two-year renewal expired on May 21, 2026. Petitioner

[1] Petitioner has filed a motion for leave to file his traverse out of time (Doc. # 6). Although petitioner's counsel states in the motion that he contacted Government counsel about the request, he does not explain the result of that contact, and thus it is unknown whether the motion is unopposed. Nevertheless, the Court **grants** the motion, and it has considered the traverse in ruling on the petition.

was detained by immigration officials on August 19, 2026, and he remains in custody within this judicial district while his removal case proceeds in immigration court. Petitioner filed the instant habeas action on September 14, 2026; the Government has filed an answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner challenges his mandatory detention without a bond hearing, claiming both a statutory and a constitutional violation. Petitioner argues that he may not be detained under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) and that he should be instead deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond. In its answer, the Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute, which also notes that petitioner has requested a review by the immigration court. Thus, the Government, while arguing that petitioner cannot now succeed on his claims as stated, has conceded in effect that petitioner is entitled to a review by the immigration court of his request for release on bond. The Court therefore denies these claims based on a lack of an opportunity to obtain a bond hearing.

Petitioner argues in his traverse that the petition should not necessarily be denied because he has not yet received a bond hearing as requested in the petition, and he argues that the Court should require such a hearing, just as the Tenth Circuit did in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), after rejecting the Government's interpretation of Section 1225(b)(2). *See id.* at 1251 n.13. In that case (and in the cases in which this Court has ordered a bond hearing), however, the Government maintained that

the petitioner's detention was governed by Section 1225(b)(2), and thus the petitioner had not been able to secure a bond hearing. *See id.* In the present case, petitioner is now detained under Section 1226(a), and the Government has not denied petitioner's request for a bond hearing under that statute.[2] Accordingly, petitioner's claims of wrongful detention without a bond hearing fail. *See Mendoza Lugo v. Warden*, 2026 WL 2409116, at *1 (D. Kan. Aug. 18, 2026) (Lungstrum, J.) (rejecting the same argument).

In the traverse, petitioner also states his concern that because an immigration court ordinarily applies the law of the federal appellate circuit in which it sits, in this case the immigration court would apply the law of the Eighth Circuit, which has agreed with the Government's interpretation of Section 1225(b)(2), and which ruling has caused immigration courts within that circuit to conclude that they lack jurisdiction to consider bond requests. Petitioner argues therefore that his claims should not be deemed moot because this Court's order is needed to ensure that he receives a bond hearing on the merits. The Court rejects this argument for an order requiring a bond hearing, as it has in previous cases. *See Salazar Coto v. Mackey*, 2026 WL 2408777, at *1 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). Because petitioner is now detained under Section 1226(a), petitioner's claim of wrongful detention without a bond hearing under Section 1225(b)(2) fails.

---

[2] In his traverse, petitioner faults the Government for failing to show that he has received a bond hearing in accordance with his request for such a hearing on the custody determination form. Petitioner has not updated the Court on the proceedings in his removal case, however, in which (according to the petition) a hearing was scheduled for October 1, 2026 – at which hearing, petitioner could have formally requested a bond determination. Thus, petitioner has not yet shown that the Government has unlawfully denied a proper request for a bond hearing.

Immigration courts have found that they lack jurisdiction in cases in which the alien was being detained under Section 1225(b)(2), but the Government has now represented and documented that this petitioner is not being detained under that statute, but is instead being detained under Section 1226(a). For that reason, the Court is not persuaded that the immigration court would not address petitioner's request for release on bond on the merits.[3]

Finally, petitioner asserted as a separate claim that his mandatory detention violates due process because a DACA renewal application cannot be approved while he is detained by immigration officials. In response to the Government's argument that petitioner has no protected liberty interest in an expired DACA status or in an expectation of future DACA status, petitioner clarifies in his traverse that he is challenging only his detention without an individualized bond determination. Again, a bond hearing is now available to petitioner upon request; therefore the Court denies this claim as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

[3] In *Salazar Coto*, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because petitioner is detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See Salazar Coto*, 2026 WL 2408777, at *1 n.2. The Court agrees with petitioner that that admonition should apply here as well.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for leave to file his traverse out of time (Doc. # 6) is hereby **granted**.

IT IS SO ORDERED.

Dated this 6th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge